**M.P.S., Appellant,**

v.

**CABINET FOR HUMAN RESOURCES, Next Friend of S.A.S. and Paula Fitzgerald, Guardian Ad Litem For S.A.S., Appellees.**

**No. 97–CA–0295–MR.**

Court of Appeals of Kentucky.

Jan. 16, 1998.

Case Ordered Published by
Court of Appeals July 31, 1998.

Lori Arnold Ackerson, Louisville, for Appellant.

Kathleen L. Patterson, Cabinet for Families & Children, Frankfort, for Appellee CHR.

Paula Fitzgerald, Louisville, for Appellee Fitzgerald, Guardian At Litem, etc.

Before COMBS, DYCHE and HUDDLESTON, JJ.

*OPINION*

DYCHE, Judge.

M.P.S. appeals an order of the Jefferson Circuit Court terminating her parental rights to her daughter, S.A.S. We affirm.

In January 1992, M.P.S. was charged with first-degree criminal abuse as a result of incidents relating to her oldest child. She subsequently pled guilty and was sentenced to five years in the penitentiary. On June 25, 1992, while incarcerated, M.P.S. gave birth to S.A.S. The child was immediately taken from appellant, and has not been entrusted to her for any period of time, other than for brief supervised visits, since her birth. On November 24, 1992, the Cabinet for Human Resources ("Cabinet") filed a petition to involuntarily terminate M.P.S.'s parental rights regarding S.A.S., the child which is the subject of this action, and appellant's two other children, A.E.S. and S.E.S. In March 1994, the Jefferson Family Court terminated appellant's parental rights to all three children. M.P.S. appealed the judgment to this Court.

Meanwhile, in April 1994, M.P.S. walked away from a work detail. She was subsequently caught, convicted of escape, and sentenced to an additional two years' imprisonment. On March 17, 1995, this Court rendered an opinion affirming the trial court's termination of parental rights with

respect to A.E.S. and S.E.S., but reversing with respect to S.A.S. On July 2, 1995, the Cabinet filed the present petition for involuntary termination of appellant's parental rights to S.A.S. Following a trial, on November 27, 1996, the trial court issued an order terminating M.P.S.'s parental rights to S.A.S. This appeal followed.

M.P.S. first alleges that the trial court's termination of her parental rights was not supported by clear and convincing evidence and was erroneous as a matter of law. She argues that, since this Court decided M.P.S.'s previous appeal, neither the facts nor the law has changed. The law of the case rule requires a comparison of the evidence presented in the two cases to determine if the substance and probative effect of the evidence presented in the second case were equal or superior to the evidence presented in the first case. A former opinion becomes the law of the case only where the facts are substantially identical, or the same, upon the trial of each case. *Reibert v. Thompson*, 302 Ky. 688, 194 S.W.2d 974, 975 (1946); *Lake v. Smith*, Ky., 467 S.W.2d 118, 119 (1971). In our previous review of this matter, we concluded that no evidence had been produced that S.A.S. was an abused or neglected child. *M.P.S. v. Cabinet for Human Resources*, Ky.App., 94–CA–000775–MR, rendered March 17, 1995. However, in the present proceeding the Cabinet produced six witnesses, including a court appointed psychologist, to address this issue. The evidence produced by the Cabinet in this proceeding is substantially greater than in the former case, and, in view of this, the law of the case doctrine is not controlling in our review of this appeal.

KRS 625.090 sets forth the grounds for termination of parental rights. The statute requires a finding 1) that the child, by clear and convincing evidence, is an abused or neglected child, and 2) that the termination would be in the best interest of the child. "Abused or neglected child" is defined in KRS 600.020(1). In its order terminating parental rights, the trial court made the following findings relating to whether S.A.S. is an abused or neglected child and whether termination would be in her best interest:

. . . . .

7. The respondent mother has repeated [sic] failed to protect and preserve the child's fundamental right to a safe and nurturing home, thus this Court finds that [S.A.S.] is a neglected child.

8. The respondent mother, for reasons other than poverty alone, has continuously or repeatedly failed or refused to provide or is incapable of providing essential food, clothing, shelter, medical care or education reasonably necessary and available for the child's well being and there is no reasonable expectation of significant improvement in M.P.S.'s conduct in the immediately foreseeable future, considering the age of the child. [M.P.S.] has been offered numerous services by the Cabinet and the Department of Corrections but because of her mental limitations has been unable to utilize the information provided.

9. These service [sic] provided by the Cabinet and the Department of Corrections to [M.P.S.], over a period of years, have brought about no improvement in M.P.S.'s ability to provide parental care and control to her child, [S.A.S.], and there is no reasonable expectation of significant improvement in the immediately foreseeable future considering the age of the child.

11. Termination of parental rights is in the best interest of the child, [S.A.S.], . . . .

The trial court has a great deal of discretion in determining whether the child fits within the abused or neglected category and whether the abuse or neglect warrants termination. *Department for Human Resources v. Moore*, Ky.App., 552 S.W.2d 672, 675 (1977). This Court's standard of review in a termination of parental rights action is confined to the clearly erroneous standard in CR 52.01 based upon clear and convincing evidence, and the findings of the trial court will not be disturbed unless there exists no substantial evidence in the record to support its findings. *V.S. v. Commonwealth, Cabinet for Human Resources*, Ky.App., 706 S.W.2d 420, 424 (1986).

■ "Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent-minded people." *Rowland v. Holt*, 253 Ky. 718, 726, 70 S.W.2d 5, 9 (1934). The record contains substantial evidence to support the findings of the trial court. The court-appointed psychologist, Dr. Dennis Buchholz, testified that appellant was substantially incapable of providing essential parental care and protection and has significant limitations in her overall cognitive abilities. He further stated that she would not be able to independently care for the child and that, because her 65 IQ was a permanent aspect of her make-up, there was no reasonable expectation for improvement. Dr. Buchholz determined appellant's intellectual functioning to be in the retarded range.

Social workers who have been involved with appellant and her daughter testified that parenting instructions provided by the social worker do not carry over from visit to visit. A psychological associate testified that appellant's history at the prison included two suicide attempts as well as self-mutilating behavior. Moreover, M.P.S. has been incarcerated since the birth of S.A.S. and her incarceration is directly related to the abuse of her eldest child.

While we agree with appellant that incarceration alone is insufficient to terminate parental rights, *J.H. v. Cabinet for Human Resources*, Ky.App., 704 S.W.2d 661 (1985), here, there is substantially more evidence than mere incarceration to support the trial court's findings. This evidence, and the record as a whole, clearly and convincingly supports the trial court's findings. Further, these findings comprise adequate grounds for termination of parental rights and support the conclusion that termination is in the child's best interest. KRS 625.090.

■ Appellant next alleges that the trial court committed error in admitting expert testimony from the court appointed psychologist, Dr. Buchholz. Appellant alleges that the Cabinet, without her knowledge, supplied Dr. Buchholz with documents concerning her prior criminal record, previous psychological evaluations, and prior court appearances. Appellant, citing KRE 703, argues that, since she was without knowledge of the psychologist's receipt of these documents, she was denied a meaningful opportunity to cross-examine Dr. Buchholz. KRE 703 does not preclude an expert from examining background information relevant to the issues he is investigating. Dr. Buchholz testified that it was customary for him to examine background information as means of corroborating his direct testing, and that he is frequently provided such material by the Cabinet. Further, appellant had the opportunity to examine the witness concerning his use of the background information in arriving at his conclusions, so it is unclear how she was prejudiced. The trial court did not commit error in refusing to strike the court appointed psychologist's report and testimony.

■ Appellant next cites *Drumm v. Commonwealth*, Ky., 783 S.W.2d 380 (1990), *Cabinet for Human Resources v. E.S. and H.S.*, Ky., 730 S.W.2d 929 (1987), and *G.E.Y. v. Cabinet For Human Resources*, Ky.App., 701 S.W.2d 713 (1986), and KRE 803(6) for the proposition that the background records examined by Dr. Buchholz were inadmissible hearsay evidence and that the Cabinet improperly attempted to get these records in "through the backdoor." While we agree that the case files of social workers are generally inadmissible as hearsay evidence, *see G.E.Y., supra,* these cases do not support the position that an expert, in his investigations, may not review these materials for background information. Experts are permitted to rely on information that is otherwise inadmissible, if the information is commonly relied on in their field. *See* KRE 703. Here, Dr. Buchholz testified that he did, in fact, commonly rely on such background information. Further, if the quality and substantiality of competent evidence to support termination is abundantly sufficient, the admission of hearsay evidence is nonprejudicial error. *See V.S. and H.S. v. Commonwealth of Kentucky, Cabinet for Human Resources,* Ky. App., 706 S.W.2d 420 (1986). Such is the case here.

**118**

Finally, appellant argues that the trial court committed error by allowing expert testimony from David Buckman, a "Certified Psychological Associate" at the Kentucky Correctional Institute for Women. In support of this argument, appellant cites CR 26.02(4)(a)(I), which provides "[a] party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." In its interrogatories to the Cabinet dated May 21, 1996, appellant requested this information. The Cabinet's initial response, a handwritten and uncertified response, did not reply to this question. However, a second response was, according to the certificate of service, mailed by the Cabinet to appellee on November 14, 1996, five days prior to trial. This response identified Buckman as an expert witness and was responsive to the remaining aspects of the request. If appellee's responses were in fact deficient, appellant's remedy was to file a motion for an order compelling discovery. CR 37.01; *Poe v. Rice,* Ky.App., 706 S.W.2d 5 (1986). Imposition of sanctions for failure to comply with a discovery request is within the trial court's discretion. *Cf. Greathouse v. American National Bank & Trust Co.,* Ky.App., 796 S.W.2d 868 (1990). Under these circumstances, the trial court did not abuse its discretion in permitting this witness to testify as an expert.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.