**D.J.D., Appellant,**

v.

**CABINET FOR HEALTH AND FAMILY SERVICES, Commonwealth of Kentucky and M.G.P., An Infant Child, Appellees.**

No. 2010–CA–001184–ME.

Court of Appeals of Kentucky.

July 8, 2011.

Rose Benkert, Louisville, KY, for Appellant.

Erika L. Saylor, Louisville, KY, for Appellee.

Before STUMBO and THOMPSON, Judges; SHAKE,[1] Senior Judge.

## OPINION

THOMPSON, Judge:

D.J.D., mother, appeals from the Jefferson Family Court's order involuntarily terminating her parental rights to her minor son, M.G.P. For the reasons stated, we affirm.

On July 5, 2008, mother gave birth to M.G.P. On July 10, 2008, the Cabinet for Families and Children filed a petition alleging that mother had abused or neglected her child by using drugs resulting in a positive cocaine and heroin drug test for

---

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

both mother and child. According to the petition, mother admitted to a six-year history of substance abuse and that there were three criminal charges pending against mother. The petition included a statement that the child's putative father was incarcerated in Ohio for violating a previous deportation order.

On July 17, 2008, the family court awarded temporary custody of child to the Cabinet. The family court further ordered mother to complete a Jefferson Alcohol and Drug Abuse Center (JADAC) assessment and follow any recommendations. On August 28, 2008, the family court suspended mother's visitation with child due to her noncompliance with treatment. On October 23, 2008, mother stipulated to having abused or neglected her child by using heroin and cocaine while carrying him to term. During this time, mother repeatedly failed to appear for her scheduled JADAC intake appointments. On February 12, 2009, the family court permitted the Cabinet to waive any further efforts to reunite the family due to mother's significant drug history.

On September 1, 2009, mother finally reported for substance abuse treatment with JADAC. On November 10, 2009, and January 8, 2010, the family court conducted a hearing on the Cabinet's motion to terminate the parental rights of mother and the putative father.[2] At both hearings, Cabinet Worker Judy Johnson testified regarding her participation as mother and child's case worker. She testified that mother had seven different residences over the course of one year and that she had been assaulted by a male roommate in 2009. She testified that mother currently had no job and was solely dependent on her boyfriend for her financial and housing needs. She further testified that mother had not provided the Cabinet with information to investigate the boyfriend's background to determine if the home would be suitable for returning the child. She testified that she believed that mother's boyfriend, who is from Mexico, was illegally in the U.S.

Johnson then testified about mother's long history of drug abuse, including the use of intravenous needles to inject cocaine. She testified that mother had failed to obtain stable housing, to provide financially for her son while he was in the Cabinet's care or to pay child support, and to become financially independent from men who had no obligation to support her child. She then testified that the child had suffered drug withdrawal, was developmentally delayed in speaking and walking, was physically delayed, had vision problems which might require surgery, and had bonded with his foster parents and their children.

The mother testified that she began using drugs heavily from 2003 until July 2009. She testified that she abused cocaine and heroin and used intravenous needles to inject drugs. She testified that she had been most recently employed as a strip club dancer and had also been previously employed by a restaurant and a grocery store. Although she was not employed at the time of the hearing, she testified that her boyfriend had a good job for a roofing company and a work visa. Although she had repeatedly left drug treatment programs, she testified that she

**2.** Although incarcerated, the putative father participated in the November hearing with his appointed counsel. He was deported days following the November hearing and apparently made no effort to participate in the January hearing. Father's parental rights were terminated by the same order terminating mother's parental right but his case is not a part of this appeal.

had remained in the JADAC drug program since September 2009.

Following the hearing, the family court issued findings of fact and an order terminating mother's parental rights to her son. The family court found that mother had abused the child, that it was in the child's best interest to terminate mother's parental rights, and that mother had failed to provide parental care for the child for longer than six months and for his essential needs.

The mother contends that the family court erred by terminating her parental rights because her conduct did not meet the standard of the involuntary termination statute. She contends that there was no clear and convincing evidence to support the family court's findings that mother's conduct could not improve.

Under KRS 625.090, family courts are empowered to involuntarily terminate an individual's parental rights utilizing a three-prong test. To permit the termination, the statute requires that the Cabinet prove and the court find that: 1) the child is abused or neglected; 2) termination would be in the child's best interest; and 3) one of several listed grounds exists. KRS 625.090(2) lists the grounds to be considered including, in pertinent part, the following:

> (e) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child;
>
> . . . .
>
> (g) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing,

shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child[.]

■ Family courts have a great deal of discretion in determining whether a child fits within the abused or neglected category and whether the abuse or neglect justifies the termination of parental rights. *M.P.S. v. Cabinet for Human Resources,* 979 S.W.2d 114, 116 (Ky.App.1998). When reviewing a family court's decision to terminate parental rights, we review its decision to determine if it was based upon clear and convincing evidence under the clearly erroneous standard set forth in Kentucky Rules of Civil Procedure (CR) 52.01. *Id.* Clear and convincing proof does not have to be uncontradicted proof but only proof of a probative nature which is sufficient to convince ordinarily prudent-minded people. *M.P.S. v. Cabinet for Human Resources,* 979 S.W.2d 114, 117 (Ky. App.1998) (citing *Rowland v. Holt,* 253 Ky. 718, 726, 70 S.W.2d 5, 9 (1934)).

After finding that the child was abused and determining that it was in his best interests to terminate his mother's parental rights, the family court found that mother, for not less than six months, had continuously or repeatedly failed to provide or had been substantially incapable of providing essential parental care and protection for the child and that there was no reasonable expectation of improvement in parental care and protection considering the age of the child.

Additionally, the family court found that mother, for reasons other than poverty alone, had continuously failed to provide essential food, clothing, shelter, medical care, or education for her child's well-being

and that there was no reasonable expectation of significant improvement in her conduct in the immediately foreseeable future. After reviewing the record, we conclude that the family court's findings were supported by substantial evidence.

The family court's finding that mother stipulated to abusing the child due to prenatal drug use satisfies the first prong of the test. The family court next found that the child's physical, mental, and emotional needs were met by his foster family and that he was expected to make improvements upon termination of mother's rights. The family court found that the child's foster parents intended to adopt him upon termination of his parents' rights. The family court then ruled that the termination of mother's rights was in the child's best interests.

■ When reviewing a family court's determination of the best interests of a child, we must apply the abuse of discretion standard. *Young v. Holmes*, 295 S.W.3d 144, 146 (Ky.App.2009). Absent a showing that a decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles, a family court's determination on the issue will not be an abuse of discretion and will be sustained. *Miller v. Harris*, 320 S.W.3d 138, 141 (Ky. App.2010).

■ The family court was presented with testimony that mother did not have stable housing, having lived at seven different addresses from July 2008 to November 2009. The family court was presented with testimony that mother lived with her boyfriend but remained unemployed and wholly dependent upon him for her financial support. Further, the family court was presented with evidence that mother did not pay any child support while the child was in the Cabinet's custody.

The family court was also presented testimony that the child was a special needs child resulting from his drug addiction at birth. The testimony was that he was developmentally delayed in his walking and speaking ability. He also has a vision problem that might require surgery in the future. The family court was presented with testimony that he was in a foster home, that the same family had cared for him since his placement, and that he recognized his foster providers as his parents and their children as his siblings. Based on the record, we cannot conclude that the family court abused its discretion by finding that his best interests would be served by the termination of his mother's parental rights.

■ In this case, the family court found that mother had continuously or repeatedly failed for longer than six months to provide essential parental care and protection for her child and that there is no reasonable expectation of improvement in parental care and protection; and that mother, for reasons other than poverty alone, had continuously failed to provide the essentials reasonably necessary for her child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future.

The family court's findings were supported by substantial evidence under the clear and convincing evidence standard. The evidence of mother's failure to provide for her child's essential needs was sufficiently probative and substantial in nature that mother had continuously failed to provide for her child's essential care. Additionally, the record supports the family court's ruling that there was no reasonable expectation of improvement in parental care and protection. The case worker's and mother's testimony indicate that her child was denied fundamental necessities

due to mother's repeated drug abuse, lack of a stable living environment, and mother's failure to become financially and independently capable of providing for her child.

Further, the family court's finding that mother, for reasons other than poverty alone, had continuously failed to provide the essentials reasonably necessary for her child's well-being and that there was no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future was supported by substantial evidence. The testimony in the record reveals that mother had not paid child support for her child, did not have stable employment, had a long history of drug use, including using intravenous needles, and was solely dependent on her boyfriend who was an unknown to the Cabinet.

While mother had not abused drugs for several months prior to the final hearing in this case, the family court was presented with sufficient facts that mother had not provided for her child and had shown no ability to provide for her child in the near future. From July 2008 until January 2010, the record reveals that mother did not provide for her child's essential needs and was not in a position or improving her condition to provide for her child's essential needs. Although mother's four-month sobriety is commendable, the family court was presented with substantial evidence to sustain its termination order. *V.S. v. Com., Cabinet for Human Resources,* 706 S.W.2d 420, 423–24 (Ky.App.1986).

For the foregoing reasons, the order of the Jefferson Family Court is affirmed.

ALL CONCUR.