RENDERED: AUGUST 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0144-ME

G.H.                                                                    APPELLANT


APPEAL FROM FRANKLIN FAMILY COURT
v.          HONORABLE SQUIRE WILLIAMS, III, JUDGE
ACTION NO. 23-AD-00036


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; C.M.D.; AND
K.M.H., A CHILD                                                         APPELLEES

AND


NO. 2024-CA-0147-ME

G.H.                                                                    APPELLANT


APPEAL FROM FRANKLIN FAMILY COURT
v.          HONORABLE SQUIRE WILLIAMS, III, JUDGE
ACTION NO. 23-AD-00037


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; C.M.D.; AND
K.D.H., A CHILD                                                         APPELLEES

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: CETRULO, L. JONES, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: In these expedited, consolidated appeals, G.H. (Father) appeals from the Franklin Family Court's findings of fact, conclusions of law, and judgment terminating parental rights to his two minor children, K.D.H. (Daughter) and K.M.H. (Son; collectively the Children). In accordance with *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361 (Ky. App. 2012), counsel for Father filed an *Anders*[1] brief asserting that there are no proper grounds for relief, along with a motion to withdraw as counsel. After careful review, we affirm and grant counsel's motion to withdraw via separate order.

Daughter was born in 2009 and Son was born in 2013. The Cabinet became involved with the family in 2017 due to concerns with the Children's mother's substance abuse. The Children were removed from parental care but were reunited with Father in 2019. However, in 2022, Father was arrested for allegedly sexually abusing two juveniles (not Daughter or Son). At that time, Mother was incarcerated. Therefore, on April 1, 2022, the Cabinet for Health and Family Services (the Cabinet) filed a petition for emergency custody of the

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Children. That petition was granted soon thereafter, and the Children were placed in foster care, where they have remained continuously.

Even though Father was in jail, the Cabinet established a case plan for him. The essential portions of the plan required Father to complete a substance abuse assessment and a mental health assessment, complete parenting classes, and obtain and maintain stable housing and employment. Meanwhile, the Children were initially placed with a family member. Son continues to reside with that family member. However, Daughter has experienced mental health challenges which have resulted in her being moved into a therapeutic foster home.

In July 2023, the Cabinet filed a petition to involuntarily terminate Father's parental rights to the Children.[2] A final hearing on that petition was held in October 2023, at which time the criminal charges against Father were still pending. Thus, Father's counsel stated that Father would decline to testify based upon his Fifth Amendment right against self-incrimination.

Mother testified, recalling her lengthy history of substance addiction and resulting lengthy periods of incarceration. Julie Snawder, a supervisor with the Child Protective Services department of the Cabinet also testified. Snawder testified that Father had been in jail continuously since the Children were removed

---

[2] The Cabinet also successfully sought to terminate the parental rights of the Children's mother. We address Mother's appeal from that decision in a separate opinion.

and had not initiated contact with the Cabinet during that time. According to Snawder, Father had not undergone mental health or substance abuse assessments or completed parenting classes. Father has had no contact with the Children since April 2022 and has not provided material care for them during that time. Snawder recognized Father may not have been able to complete his case plan while in jail. However, she testified that Father had not completed any aspects of the plan.

The family court granted the Cabinet's petition and terminated Father's parental rights to the Children. Father then filed these appeals, one for Son (No. 2024-CA-0144-ME) and one for Daughter (No. 2024-CA-0147-ME), which we have ordered to be consolidated.

Terminating parental rights "is a scrupulous undertaking that is of the utmost constitutional concern." *Cabinet for Health and Family Services v. K.H.*, 423 S.W.3d 204, 209 (Ky. 2014). Before parental rights may be involuntarily terminated, there must be clear and convincing evidence sufficient to satisfy the three-part test set forth in Kentucky Revised Statute (KRS) 625.090: "(1) the child is found or has been adjudged to be an abused or neglected child as defined in KRS 600.020(1); (2) termination of the parent's rights is in the child's best interests; and (3) at least one of the termination grounds enumerated in KRS 625.090(2) . . . exists." *Id. Clear and convincing evidence* "does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial

-4-

nature carrying the weight of evidence sufficient to convince ordinarily prudent-minded people." *Commonwealth, Cabinet for Health and Family Services v. T.N.H.*, 302 S.W.3d 658, 663 (Ky. 2010) (internal quotation marks and citations omitted).

Because "the trial court has wide discretion in terminating parental rights . . . our review is limited to a clearly erroneous standard which focuses on whether the family court's order of termination was based on clear and convincing evidence." *K.H.*, 423 S.W.3d at 211. Under that tightly circumscribed standard, we afford "a great deal of deference to the family court's findings" and may not "interfere with those findings unless the record is devoid of substantial evidence to support them." *Id.* (internal quotation marks and citation omitted). "When reviewing a family court's determination of the best interests of a child, we must apply the abuse of discretion standard." *D.J.D. v. Cabinet for Health and Family Services*, 350 S.W.3d 833, 837 (Ky. App. 2011).

Counsel for Father filed an *Anders* brief stating that the instant appeal is frivolous.[3] The exceptionally terse *Anders* brief does not discuss any grounds to challenge the trial court's judgment.[4] Nonetheless, "we are obligated to

---

[3] We afforded Father the opportunity to submit a *pro se* brief, but he did not do so.

[4] Even *Anders* briefs must comply with the mandatory briefing requirements found in Kentucky Rules of Appellate Procedure (RAP). *See*, *e.g.*, *A.C.*, 362 S.W.3d at 371 (discussing a failure to follow the briefing rules found in the former Kentucky Rule of Civil Procedure (CR) 76.12, which are essentially identical to those found in RAP). RAP 32(A)(3) requires an Appellant's

independently review the record and ascertain whether the appeal is, in fact, void of nonfrivolous grounds for reversal." *A.C.*, 362 S.W.3d at 372.

The family court made the findings required in KRS 625.090 by clear and convincing evidence – specifically including 1) the Children were abused or neglected, 2) at least one ground of parental unfitness, and 3) termination being in the Children's best interest based on the factors listed in KRS 625.090. And based upon our review of the record, substantial evidence supports those findings.

First, the family court found that the Children were abused or neglected because, among other reasons, Father failed to provide essential parental care for the Children. *See* KRS 600.020(1)(a)4. Snawder gave unrebutted testimony that Father has had no contact with, nor provided any material care for, the Children since they were removed from his custody. Therefore, for reasons beyond Father's incarceration alone, there was substantial evidence to support the family court's conclusion that the Children were neglected. *See*, *e.g.*, *A.R.D. v. Cabinet for Health and Family Services*, 606 S.W.3d 105, 110-11 (Ky. App. 2020) (noting that parental rights cannot be terminated due solely to the parent's

---

opening brief to provide a statement of the case which contains "ample references to the specific location in the record supporting each of the statements contained in the summary." Father's *Anders* brief contains zero citations to the trial court record. Moreover, the brief fails to comply with the requirement in RAP 32(E)(1)(d) that the appendix to a brief must be preceded by an index which "shall set forth where each document may be found in the record." We have leniently elected to not impose sanctions, but caution counsel not to expect such leniency again.

incarceration but parental absences due to court orders may be considered in

determining neglect).

Second, the family court's conclusion that termination of Father's

parental rights was in the Children's best interest was supported by substantial

evidence and was not an abuse of discretion. KRS 625.090(3) provides that:

> In determining the best interest of the child and the
> existence of a ground for termination, the Circuit Court
> shall consider the following factors:
>
> (a) Mental illness as defined by KRS 202A.011(9), or an
> intellectual disability as defined by KRS 202B.010(9) of
> the parent as certified by a qualified mental health
> professional, which renders the parent consistently
> unable to care for the immediate and ongoing physical or
> psychological needs of the child for extended periods of
> time;
>
> (b) Acts of abuse or neglect as defined in KRS
> 600.020(1) toward any child in the family;
>
> (c) If the child has been placed with the cabinet, whether
> the cabinet has, prior to the filing of the petition made
> reasonable efforts as defined in KRS 620.020[5] to reunite
> the child with the parents unless one or more of the
> circumstances enumerated in KRS 610.127 for not
> requiring reasonable efforts have been substantiated in a
> written finding by the District Court;
>
> (d) The efforts and adjustments the parent has made in
> his circumstances, conduct, or conditions to make it in
> the child's best interest to return him to his home within a

---

[5] KRS 620.020(13) defines *reasonable efforts* as "the exercise of ordinary diligence and care by
the department to utilize all preventive and reunification services available to the community . . .
which are necessary to enable the child to safely live at home[.]"

reasonable period of time, considering the age of the child;

(e) The physical, emotional, and mental health of the child and the prospects for the improvement of the child's welfare if termination is ordered; and

(f) The payment or the failure to pay a reasonable portion of substitute physical care and maintenance if financially able to do so.

There is no indication Father has been diagnosed with a mental illness. We have already determined that there was substantial evidence the Children were abused or neglected. The Family Court did not err in concluding the Cabinet had made reasonable reunification efforts, but Father had made no adjustments to enable reunification (such as working on his case plan). Indeed, Snawder testified that she was unaware of any other services the Cabinet could have offered which would have allowed for reunification within a reasonable period. There was no indication that Father would be released from custody and provide a stable, responsible home for the Children within a reasonable period of time. Snawder also gave unrebutted testimony that the Children's physical, emotional, and mental health needs had been met, and would continue to be met, while they were in the Cabinet's care. Finally, it is uncontested that, since the filing of the termination petition, Father contributed nothing towards the care and maintenance of the Children.

Finally, we turn to whether at least one ground of parental unfitness in KRS 625.090(2) had been satisfied by clear and convincing evidence. Though the evidence would support a finding of unfitness on additional grounds, it is uncontested that the Children were in foster care for fifteen of the forty-eight months preceding the filing of the termination petition (from early April 2022 to early July 2023). KRS 625.090(2)(j). Accordingly, we do not need to address any other grounds listed in KRS 625.090(2). *T.N.H.*, 302 S.W.3d at 663 ("Under the language of KRS 625.090(2), the existence of only one of the grounds in that section needs to be proven by clear and convincing evidence.").

For the foregoing reasons, the Franklin Family Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joseph P. Bowman
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Leslie M. Laupp
Covington, Kentucky