RENDERED: JANUARY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0824-ME


T.M.M., SR.                                                    APPELLANT


|       | APPEAL FROM BUTLER CIRCUIT COURT |
|-------|----------------------------------|
| v.    | HONORABLE BENJAMIN D. MCKOWN, JUDGE |
|       | ACTION NO. 24-AD-00008 |


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; M.I.N.M.,
A MINOR CHILD; AND A.N.B.M.                                    APPELLEES


AND


NO. 2025-CA-0825-ME


T.M.M., SR.                                                    APPELLANT


|       | APPEAL FROM BUTLER CIRCUIT COURT |
|-------|----------------------------------|
| v.    | HONORABLE BENJAMIN D. MCKOWN, JUDGE |
|       | ACTION NO. 24-AD-00009 |

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; T.M.M., JR.,
A MINOR CHILD; AND A.N.B.M.                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, KAREM, AND MOYNAHAN, JUDGES.

KAREM, JUDGE:  These appeals are taken from the Butler Circuit Court's

findings of fact and conclusions of law, and final orders terminating the parental

rights of T.M.M., Sr. ("Father") to his two minor children.  Father brought

individual appeals relating to each child, and the appeals were subsequently

consolidated by order of this Court on July 22, 2025.[1]  Father's counsel has filed a

brief in accordance with *A.C. v. Cabinet for Health and Family Services*, 362

S.W.3d 361 (Ky. App. 2012), which applied the reasoning of *Anders v. California*,

386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), to hold that an attorney

representing a parent in a termination of parental rights case may withdraw if he or

she cannot, following a thorough, good-faith review of the record, identify any

meritorious grounds upon which to base an appeal.  *A.C.*, 362 S.W.3d at 371.

Father's counsel has concluded upon review of the record that there are no non-

---

[1] The circuit court terminated the parental rights of the children's mother, A.N.B.M., in the same proceeding, but she has not filed an appeal.

frivolous appellate issues to raise on Father's behalf and, accordingly, has filed a motion to withdraw. We have conducted an independent review of the record and agree that there is no meritorious basis for appeal, *see id*. at 372; therefore, we affirm the circuit court's orders terminating Father's parental rights and grant counsel's motion to withdraw by separate order.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns Father's two biological children: T.M.M., Jr. ("Son"), who was born in 2014, and M.I.N.M. ("Daughter"), who was born in 2018. Father was married to the children's mother, A.N.B.M. ("Mother"). He resided with her, their Son and Daughter, and Mother's five other children from previous relationships.

On November 19, 2019, Son and Daughter were placed in the custody of the Cabinet for Health and Family Services ("the Cabinet") by order of the Butler Circuit Court. They remained in the custody of the Cabinet until November 2021, when they were returned to Mother's custody. The children were returned to the custody of the Cabinet for a second time on March 22, 2022. On June 14, 2022, the Butler Circuit Court found Son and Daughter to be neglected or abused. The children have been in the custody of the Cabinet since the date of the second removal.

During the Cabinet's involvement with the family, Father was facing multiple criminal charges involving one of Mother's other children, a minor daughter. He was not permitted to have any contact with the children under the bond conditions set in that pending criminal case. On April 14, 2023, a jury convicted Father of four counts of sexual abuse in the first degree (victim under 12), four counts of sexual abuse in the first degree (victim under 16), and four counts of criminal abuse in the second degree. He received a sentence of twenty years' imprisonment. *See Manning v. Commonwealth*, No. 2023-SC-0372-MR, 2024 WL 5174293 (Ky. Dec. 19, 2024). At the trial, Father's stepsons and stepdaughter testified that he would regularly whip them severely with a belt for minor disciplinary infractions. *Id*. at *2. The stepdaughter testified that the sexual abuse by Father began when she was nine years of age. *Id*.

On April 17, 2024, the Cabinet filed petitions for the termination of Mother and Father's parental rights to Son and Daughter. A final hearing on the termination petitions was held on January 9 and February 28, 2025. The court had granted Father's motion to continue the hearing while the appeal in his criminal case was pending. The Kentucky Supreme Court affirmed the convictions in an opinion rendered on December 19, 2024.

At the hearing, Chelsea Markham, who was assigned as the ongoing case worker in January 2021, testified that she was able to contact Father, who was

living in Tennessee, and negotiate a case plan. She testified that Father did complete parenting classes, and mental health, substance abuse, and anger management assessments prior to the 2022 removal of the children. He did not complete a Batterers' Intervention Program ("BIP"). After the second removal of the children, she spoke with Father several times by phone and on Zoom. He initiated contact with her on a couple of occasions. He requested contact with the children, but she could not allow this due to the bond conditions.

Following his criminal convictions, Father was incarcerated. Cabinet social worker Katie Burkhardt contacted him in July 2023. He refused to sign a case plan because it required him to take sex offender classes. He contacted her shortly thereafter to request visitation with the children. She sent him a letter in October 2024, asking for information about the status of his criminal appeal, but he did not respond.

Father testified at the final hearing that he was willing to take BIP classes, and that he has employment potential because he holds a Class A commercial driver's license. He was restricted from having contact with his children by the conditions of his bond, and he remained on bond until he was incarcerated following his trial in April 2023. His last contact with either of the children was in 2019. He testified that he attempted unsuccessfully to contact the Cabinet after the children were removed in 2022. He stated that he would be

eligible for parole in the next year and that his serve-out date is in 2043. He has not provided any financial support for the children since March 2022.

Following the hearing, the circuit court entered findings of fact, conclusions of law, and orders terminating Mother's and Father's parental rights in Son and Daughter. This appeal by Father followed.

## STATUTORY FRAMEWORK

A circuit court may involuntarily terminate an individual's parental rights if the court finds by clear and convincing evidence the existence of three critical elements. *Cabinet for Health and Family Services v. H.L.O.*, 621 S.W.3d 452, 462 (Ky. 2021) (citing Kentucky Revised Statutes ("KRS") 625.090). First, the circuit court must find that the child has been adjudged to be an abused or neglected child, as defined in KRS 600.020(1), by a court of competent jurisdiction or by the family court itself in the termination proceeding. KRS 625.090(1)(a)1. and 2. Second, the court must find the presence of at least one of the eleven grounds listed in section (2) of the statute. KRS 625.090(2)(a)-(k). Third, termination of parental rights must be in the child's best interest, and the court is provided with a series of factors that it shall consider when making this determination. KRS 625.090(1)(c); KRS 625.090(3).

## STANDARD OF REVIEW

"An appellate court will only reverse a trial court's decision to terminate a parent's rights if such decision is clearly erroneous, meaning there is no substantial, clear, and convincing evidence to support the decision." *P.S. v. Cabinet for Health and Family Services*, 596 S.W.3d 110, 115 (Ky. App. 2020); Kentucky Rules of Civil Procedure (CR) 52.01. "Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent-minded people." *M.P.S. v. Cabinet for Human Resources*, 979 S.W.2d 114, 117 (Ky. App. 1998) (quoting *Rowland v. Holt*, 253 Ky. 718, 70 S.W.2d 5, 9 (1934)). "The termination of parental rights is a particularly fact-sensitive inquiry, so appellate courts are disinclined to disturb a trial court's findings." *H.L.O.*, 621 S.W.3d at 462. Thus, if the trial court's findings are not clearly erroneous and they substantially support termination, we will affirm the order. *Id.*

## ANALYSIS

Under the first statutory element, KRS 625.090(1), the circuit court found that, as defined in KRS 600.020(1), Son and Daughter were adjudged to be abused or neglected children in June 2022 by the Butler Circuit Court in the underlying juvenile action.

-7-

Under the second statutory element, KRS 625.090(2), the court found the existence of grounds (e), (g), and (j). Under (e), "[t]hat the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child[,]" the court found that Father's adjudicated criminal conduct had resulted in a twenty-year prison sentence which renders him incapable of providing parental care for the children for the foreseeable future.

Under (g), "[t]hat the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child[,]" the court found that although Father was not incarcerated for a period of approximately 12 to 13 months between March 2022 and April 2023, he did not provide any form of financial support for the care of his children.

Under (j), "[t]hat the child has been in foster care under the responsibility of the cabinet for fifteen (15) cumulative months out of forty-eight

(48) months preceding the filing of the petition to terminate parental rights[,]" the court found that the children had been in the custody of the Cabinet for approximately forty-three cumulative months out of the forty-eight months preceding the filing of the termination petitions by the Cabinet.

As to the third element, KRS 625.090(3), the children's best interests, the circuit court focused specifically on the physical, emotional, and mental health of the children under (e), finding that the children were thriving and happy in foster care. The court reiterated under (f) that Father had failed to pay anything towards the children's care and maintenance during the period he was not incarcerated.

The court summarized its decision to terminate Father's parental rights as follows:

> [Father] was convicted of abusing [the children's half-sibling], another child in the family. While there were periods when the Cabinet did not maintain regular contact with [Father], the Cabinet's efforts to reunite [the children] with the parents included case planning with [Father] prior to the filing of the petition, and it appears he was able to complete many of the tasks, with the exception of the BIP assessment. However, any efforts or adjustments [Father] has made in his circumstances, conduct, or conditions are unlikely to make it in [the children's] best interest to return . . . to [Father's] care within a reasonable period of time, considering the age[s] of [the children]. [Father's] adjudicated criminal conduct has caused him to receive a twenty (20) year prison sentence, which renders him incapable of providing parental care for his children for the foreseeable future. [Father] has not provided any form of financial assistance

for the children, even during the 12-13 months since March 2022 when he was not incarcerated.

Although Father's counsel has been unable to identify any meritorious issues that could form the basis of an appeal, she has summarized the evidence in the record that is favorable to Father. This consists of the social worker's testimony that Father had completed his case plan, with the exception of BIP classes; her acknowledgement that Father tried to find a BIP class in Tennessee, where he was residing; and her acknowledgement that she did not look into finding a BIP class for him in Tennessee. Counsel has drawn our attention to evidence that Father requested information about, and contact with, his children when he spoke with the social workers. Counsel also notes that the Cabinet did not work toward reunifying Father with his children because of the no-contact order in the separate criminal action. Finally, Counsel has cited Father's testimony that he would be eligible for parole in 2026, and that upon his release, he has a home and employment opportunities that would enable him to provide for the children.

Our review indicates that the circuit court's findings under the factors in KRS 625.090 are supported by clear and convincing evidence. Although there is some evidence in the record that is favorable to Father, as noted by counsel, we agree that there are no non-frivolous grounds that could form the basis for reversing the family court's termination of Father's parental rights. *A.C.*, 362 S.W.3d at 371.

## CONCLUSION

For the foregoing reasons, the Butler Circuit Court's orders terminating Father's parental rights in Son and Daughter are affirmed. Counsel's motion to withdraw is granted by separate order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Laura R. Eaton
Hartford, Kentucky

BRIEF FOR APPELLEE CABINET
FOR HEALTH AND FAMILY
SERVICES:

Kevin Martz
Covington, Kentucky