RENDERED: AUGUST 22, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1396-ME

C.T.                                                                    APPELLANT

EXPEDITED APPEAL FROM KENTON CIRCUIT COURT
v.          HONORABLE TERRI SCHOBORG, JUDGE
ACTION NO. 24-AD-00036

COMMONWEALTH OF KENTUCKY,                          APPELLEES
CABINET FOR HEALTH AND
FAMILY SERVICES AND D.V.T., JR.,
A MINOR CHILD

AND

NO. 2024-CA-1398-ME

C.T.                                                                    APPELLANT

EXPEDITED APPEAL FROM KENTON CIRCUIT COURT
v.          HONORABLE TERRI SCHOBORG, JUDGE
ACTION NO. 24-AD-00035

C.E.T., A MINOR CHILD AND                          APPELLEES
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: In this consolidated appeal, C.T.[1] ("Mother") appeals from judgments of the Kenton Circuit Court, Family Court Division terminating her parental rights to her biological children D.V.T., Jr. ("Child 1") and C.E.T. ("Child 2"). Mother's counsel has filed a brief pursuant to *Anders v. State of California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361, 361 (Ky. App. 2012), stating her belief that this appeal is frivolous. Based on *Anders* and *A.C.*, counsel states that 1) no meritorious issues exist for appeal; 2) she has addressed any issues which arguably could be construed as meritorious; and 3) Mother has been provided with a copy of the *Anders* brief and was given 30 days to filed a *pro se* brief. No *pro* se brief has been filed, and Mother's counsel has moved to withdraw as counsel. The Commonwealth of Kentucky, Cabinet for Health and Family Services ("the Cabinet") agrees with the assessment of Mother's counsel. After

---

[1] We will not use the parties' names because minor children are involved.

careful review of the record and the law, we affirm the judgments on appeal. We grant counsel's motion to withdraw by way of a separate order.

## FACTS AND PROCEDURAL HISTORY

In 2021, the Cabinet received a referral after the children's school filed a petition for educational neglect. The following year, Mother stipulated to a finding of educational neglect. According to the Cabinet, it provided services to Mother and the children's school attendance improved.

The following year, the school filed a second petition for educational neglect and Mother subsequently stipulated to a finding of dependency. When Mother failed to appear for the disposition hearing on February 10, 2023, the Cabinet was ordered to conduct a home visit. Upon arrival, the Cabinet worker found the home to be in very poor condition and learned Mother had a pending eviction. Prior to the Cabinet's follow up visit a couple weeks later, Mother had already vacated the home.

The Cabinet later located Mother and learned that her paramour, T.D., had been arrested for using methamphetamine and marijuana in violation of his probation. T.D. reported to his probation officer that Mother was also using methamphetamine; therefore, the family court placed the children in the Cabinet's custody during the rescheduled disposition hearing on February 24, 2023.

Additionally, the Cabinet filed a juvenile petition with the above allegations on February 28, 2023.

On March 8, 2023, a temporary removal hearing was held, and Mother was ordered to participate in a drug screen and was allowed to have supervised visitation. A no-contact order subsequently was entered against T.D.

On April 10, 2023, Mother stipulated to a finding of abuse or neglect. A disposition hearing was held on May 26, 2023, and the children were committed to the Cabinet. The court ordered Mother to cooperate with the Cabinet, complete a substance abuse and mental health assessment at Mainspring Wellness and Counseling, engage in medication management at St. Elizabeth, complete parenting classes, and complete drug screens in accordance with the drug screen protocol.

The Cabinet referred Mother to the University of Kentucky Targeted Assessment Program (UK TAP) and several agencies to assist Mother in the completion of her case plan services. Additionally, the Cabinet negotiated a case plan with T.D. after his release from incarceration, but he failed to complete any services.

Initially, Mother was compliant with her all of her services. A Cabinet worker testified that Mother was participating with UK TAP, attending drug screens, and had completed her parenting classes in August 2023. Mother

had also begun outpatient substance abuse treatment at Mainspring Wellness. The Cabinet recommended that Mother be allowed unsupervised visitation, which the family court adopted as a court order on September 22, 2023. However, by the following month, Mother had stopped communicating with the Cabinet or attending drug screens.

Mother was eventually discharged from the UK TAP and Mainspring Wellness. She also married T.D. despite the no contact order remaining between the children and T.D. In addition, the Cabinet had received reports that Mother and T.D. were living in a car.

Mother also failed to attend the court hearing on November 3, 2023, and a bench warrant was issued. Mother appeared for her warrant on November 7, 2023, and was ordered to attend a substance abuse evaluation. Thereafter, Mother failed to attend substance abuse treatment and continued to use methamphetamine.

The Cabinet worker testified that Mother continually refused to take any accountability for the impact her substance abuse has on her ability to parent, and failed to adequately address her mental health issues. Mother testified that she receives SSI disability benefits for major depressive disorder and that she previously treated this condition with individual therapy and anti-depressants; however, she acknowledged at trial that she stopped taking her medication and attending counseling after the children's removal. Mother also testified that she

has been unable to locate housing since the children's removal. She eventually moved into her mother's home with T.D. in March, 2024.

The Cabinet worker testified that this home was not approved for the placement of the children because the worker was not permitted inside the home to complete an evaluation. Additionally, this home would not be approved because T.D.'s no-contact order remained in effect. The no-contact order was never lifted because the children continually expressed fear of T.D. harming them. The Cabinet worker testified to the Cabinet's ongoing concerns for reunification due to Mother's instability and failure to address her substance abuse and mental health concerns. The Cabinet worker ultimately testified that termination of parental rights was in the best interest of the children.

The Family Court terminated the parental rights of Mother by judgments entered on October 7, 2024. She received appointed counsel and this appeal followed.[2]

## STANDARD OF REVIEW

The standard for review in termination of parental rights cases is set forth in *M.P.S. v. Cabinet for Human Resources,* 979 S.W.2d 114, 116-17 (Ky. App. 1998). Therein, it is established that this Court's standard of review in a termination of parental rights case is the

---

[2] The Notices of Appeal purport to appeal from Findings of Fact, Conclusions of Law and Judgments of Adoption entered on October 7, 2024. The Judgments entered on those dates terminated Mother's parental rights as to each child and ordered that each child be placed in the custody with the Cabinet, but do not address adoption.

clearly erroneous standard found in Kentucky Rules of Civil Procedure (CR) 52.01, which is based upon clear and convincing evidence. Hence, this Court's review is to determine whether the trial court's order was supported by substantial evidence on the record. And the Court will not disturb the trial court's findings unless no substantial evidence exists on the record.

Furthermore, although termination of parental rights is not a criminal matter, it encroaches on the parent's constitutional right to parent his or her child, and therefore, is a procedure that should only be employed when the statutory mandates are clearly met. While the state has a compelling interest to protect its youngest citizens, state intervention into the family with the result of permanently severing the relationship between parent and child must be done with utmost caution. It is a very serious matter.

*M.E.C. v. Com., Cabinet for Health and Family Services*, 254 S.W.3d 846, 850 (Ky. App. 2008) (citations omitted).

The standard of proof before the trial court necessary for the termination of parental rights is clear and convincing evidence. "Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent-minded people."

*V.S. v. Commonwealth, Cabinet for Human Resources*, 706 S.W.2d 420, 423-24 (Ky. App. 1986) (citations omitted).

## ANALYSIS

Mother's counsel filed an *Anders* brief in compliance with *A.C.*, *supra.* In *A.C.*, this Court adopted and applied the procedures identified in *Anders*, *supra*, regarding appeals from orders terminating parental rights where counsel cannot identify any nonfrivolous grounds to appeal. *A.C.*, 362 S.W.3d at 371. Those procedures require counsel to first engage in a thorough and good faith review of the record. *Id.* "[I]f counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 364 (quoting *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400).

Mother's counsel complied with the requirements of *A.C.* and *Anders* by providing Mother with a copy of the brief and informing her of her right to a file *pro se* brief raising any issues she found meritorious. *A.C.*, 362 S.W.3d at 371. Mother did not file a *pro se* brief. Per *A.C.*, we have closely examined the record and the law, and agree with Mother's counsel and the Cabinet that no grounds exist that would warrant disturbing the family court's judgments terminating Mother's parental rights.

Kentucky Revised Statutes (KRS) 625.090 sets forth the requirements which must be met before a circuit court may involuntarily terminate parental

rights.[3]  First, the court must determine that the child is abused or neglected or that the child was previously determined to be abused or neglected by a court of competent jurisdiction.  KRS 625.090(1)(a).  Second, a petition seeking the termination of parental rights must have been filed by the Cabinet pursuant to KRS 620.180 or KRS 625.050.  KRS 625.090(1)(b)1.  Third, the court must find that termination is in the best interests of the child.  KRS 625.090(1)(c).  Finally, the court must find by clear and convincing evidence the existence of one or more of the eleven grounds, (a) through (k), set out in KRS 625.090(2).

In the matter before us, each of the statutory requirements were met, and we will not disturb the findings of the family court because they are supported by substantial evidence.  *M.L.C.*, *supra.*  That substantial evidence includes proof that despite the Cabinet's diligent efforts, Mother continually refused to take any accountability for the impact her substance abuse has on her ability to parent and failed to adequately address her mental health issues.  Mother has been unable to locate housing since the children's removal and was residing with T.D. in an unapproved home despite T.D.s' no-contact order with the children.

## CONCLUSION

The family court's findings are amply supported by the record and the KRS 625.090 requirements for involuntary termination of parental rights were

---

[3] KRS 625.090 was amended by 2025 Kentucky Laws Ch. 26 (SB 26).

met.  No nonfrivolous grounds for appeal are found in the record.  For these reasons, and with due regard to the serious consequences of involuntary termination for both Mother and the children, we find no error and affirm the orders of the Kenton Family Court.

ALL CONCUR.

ANDERS BRIEF:

Jennifer B. Landry
Ft. Mitchell, Kentucky

BRIEF FOR APPELLEE CABINET FOR HEALTH AND FAMILY SERVICES:

Leslie M. Laupp
Covington, Kentucky